LEONARD BENOWICH (LB-6129)
ROOSEVELT & BENOWICH, LLP
1025 Westchester Avenue
White Plains, New York 10604
(914) 946-2400
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

TENNENBAUM CAPITAL PARTNERS LLC,            :

                                  Plaintiff,            :

                  -against-            :

MICHAEL T. KENNEDY,            :
                                  Defendant.

                                  :

----------------------------------------------------------------x

# 07 CIV. 9695

JUDGE SWAIN

07 Civ. _____ (    )

**COMPLAINT**

Plaintiff Tennenbaum Capital Partners LLC ("Tennenbaum"), by its undersigned

attorneys, as and for its complaint against defendant Michael T. Kennedy ("Kennedy"),

respectfully alleges the following:

## Nature of the Action

1.      This is an action to recover $10,000,000, plus interest, pursuant to a

Guaranty and Negative Pledge Agreement dated as of April 4, 2006.

## Parties; Jurisdiction; Venue

2.      Plaintiff Tennenbaum is a limited liability company organized and

existing under the laws of the State of Delaware, with its principal place of business located in

Santa Monica, California.

3.      Upon information and belief, Defendant Kennedy is a citizen of the State

of Pennsylvania, residing at 770 Parkes Run Lane, Villanova, Pennsylvania 19085.

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a), in that this is a dispute between citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and cost.

5.      Venue is proper in this district pursuant to 28 U.S.C. §1391, because the parties have agreed to submit to the exclusive jurisdiction of this Court and because the Guaranty provides that it shall be governed by and construed in accordance with New York law.

## Background Facts

6.      Tennenbaum is a registered investment advisor, which manages several private funds. Among other things, funds managed or advised by Tennenbaum, make equity investments in and provides financing for both privately held and publicly-held companies.

7.      In December 2005 a group of lenders loaned $95,000,000 to a company known as Radnor Holdings Corporation ("Radnor") pursuant to a Credit Agreement dated as of December 1, 2005 (the "Credit Agreement").

8.      Under that Credit Agreement, Plaintiff is designated the Agent and Collateral Agent for the lenders thereunder (the "Lenders"), with the right, authority and power to act on behalf of the lenders.

9.      Subsequently, on or about April 4, 2006, the Lenders under the Credit Agreement were asked to and did agree to make additional loans to Radnor, in an amount not to exceed $23,500,000.

10.     The Lenders made these loans - called the "Tranche C Loans" to Radnor - pursuant to Amendment No. 1 (dated as of April 4, 2006) to the Credit Agreement.

11.    Under Amendment No. 1, Plaintiff continued to be the Agent and Collateral Agent for the Lenders under the Credit Agreement, as amended.

12.    At the time each of the foregoing loans was made, defendant Kennedy was the majority shareholder of Radnor.

13.    As partial security for, and as an inducement for the Lenders to participate in and to make the Tranche C Loans, the Lenders and Plaintiff required that Kennedy execute and deliver a Guaranty and Negative Pledge Agreement ("Guaranty") pursuant to which Kennedy agreed to, and did, guaranty the repayment of not more than $10,000,000 in the event of a default by Radnor in the repayment of the Tranche C Loans.

14.    Radnor has defaulted in the repayment of the Tranche C Loans.

15.    On or about August 17, 2006, plaintiff declared a default under the Guaranty, accelerated all sums due and owing thereunder and demanded that Kennedy pay to Tennenbaum all sums due and owing under his Guaranty.

16.    Kennedy has failed to make any of the payments required under the Guaranty.

**The Guaranty**

17.    Section 1 of the Guaranty provides that:

Subject to the limitations set forth in Section 11 hereof, Guarantor hereby irrevocably guarantees to each Lender and the Agent, as a primary obligor and not merely as a surety the prompt payment in full, in Dollars, when due...of the principal of and interest on the Tranche C Loans (including, without limitation, interest on any overdue principal and, to the extent permitted by applicable law, on any overdue interest and on payment of additional amounts

3

described in...the Credit Agreement and all other amounts from time to time owing by the Company under the Credit Agreement in respect of the Tranche C Loans or the Tranche C Notes (including, without limitation, interest, indemnities, costs, expenses and taxes, in each case whether or not a claim is allowed for such amounts in any bankruptcy case) (such payments being herein collectively called the "Guaranteed Obligations").  Subject to the limitations set forth in Section 11 hereof, Guarantor hereby further agrees that if [Radnor] shall default in the payment of any of the Guaranteed Obligations, Guarantor will (x) promptly pay the same without any demand or notice whatsoever, and that in the case of any extension of time of payment or renewal of any of the Guaranteed Obligations, the same will be promptly paid in full when due (whether at extended maturity, by acceleration, by optional prepayment or purchase or otherwise) in accordance with the terms of such extension or renewal and (y) pay to each Lender such amounts, to the extent lawful, as shall be sufficient to pay the costs and expenses of collection or of otherwise enforcing any of such Lender's rights under the Credit Agreement and other Operative Documents with respect to the payment of such Guaranteed Obligations, including, without limitation, reasonable counsel fees.

18.    Section 1 also provides that the Guaranty is "irrevocable and unconditional in nature and is made with respect to any Guaranteed Obligations now existing or in the future arising," and "is a guarantee of due and punctual payment and is not merely a guarantee of collection."

4

19.    Section 2(B) of the Guaranty provides as follows:

Guarantor expressly waives, for the benefit of the Lenders, all set-offs and counterclaims and all presentments, demands for payment, notices of nonpayment, protests, notices of protest, notices of dishonor and all other notices or demands of any kind or nature whatsoever with respect to the Guaranteed Obligations and all notices of acceptance of the Credit Agreement or of the existence, creation, incurring or assumption of new or additional Guaranteed Obligations.  Guarantor further expressly waives the benefit of any and all statutes of limitation and any and all laws providing for the exemption of Property from execution or for valuation and appraisal upon foreclosure, to the maximum extent permitted by applicable law.

20.    Section 11 of the Guaranty provides as follows:

Notwithstanding anything to the contrary contained in this Guaranty, (A) the liability of Guarantor hereunder for the Guaranteed Obligations shall not exceed the principal amount of Ten Million Dollars ($10,000,000) thereof at any time outstanding, plus interest thereon from the date demand on this Guaranty is made by any Lender Party at the rate provided in the Credit Agreement and costs, expenses and other charges (including, but not limited to, reasonable attorneys' fees and legal expenses) incurred by Agent after such date of demand in collecting on this Guaranty and (B) the guaranty set forth in Section 1 hereof may not be enforced by any Lender Party unless and until (i) an Event of Default under the Credit Agreement has occurred and is continuing, and (ii) [Radnor] has failed to pay any obligations due under the Credit Agreement or the Tranche C Notes....

21.     Kennedy is liable under the Guaranty in the amount of $10,000,000, plus interest, as provided Amendment No. 1 to the Credit Agreement, and Tennenbaum's attorneys' fees incurred in connection with the collection of this indebtedness.

22.     Section 1.9 of Amendment No. 1 amends section 4(g) of the Credit Agreement, and provides that interest on the Tranche C Loans shall accrue through maturity (whether by acceleration or otherwise) at the following rates:

| **Period** | **Rate** |
| --- | --- |
| From closing to April 15, 2007 | LIBOR + 7.25% |
| April 16, 2007 to July 15, 2007 | LIBOR + 7.50% |
| July 16, 2007 to October 15, 2007 | LIBOR + 7.75% |
| October 16, 2007 to January 15, 2008 | LIBOR + 8.00% |
| January 16, 2008 to April 15, 2008 | LIBOR + 8.25% |
| April 16, 2008 to July 15, 2008 | LIBOR + 8.50% |
| July 16, 2008 to October 15, 2008 | LIBOR + 8.75% |
| October 16, 2008 to Maturity | LIBOR + 9.00% |

23.     Section 4(I) of the Credit Agreement provides that in the event of default, interest shall accrue at a rate "that is 2% per annum in excess of the interest rate otherwise payable under this Agreement with respect to the applicable Loans". (or, in the case of any such fees and other amounts, at a rate which is 2% *per annum* in excess of the interest rate otherwise payable under this Agreement).

24.     Plaintiff accelerated the Tranche C Loans by its notice dated August 2006. Accordingly, interest accrues at the rate of LIBOR + 9.25% *per annum*, until the entire sums due and owing under the Guaranty are paid.

### Count I

25.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 24 set forth above.

26.    By reason of the foregoing, Plaintiff has been damaged and defendant is indebted to Plaintiff in the sum of $10,000,000, plus interest and plaintiff's attorneys' fees in accordance with the terms of the Guaranty.

**WHEREFORE**, Plaintiff requests judgment against Defendant Kennedy as follows:

(a)    in the amount of $10,000,000 plus interest at the rate of LIBOR + 9.25% *per annum*, together with an award of Tennenbaum's attorneys' fees and costs incurred with the prosecution of this action; and

(b)    for such other and further relief as this Court shall deem just and proper.

Dated:    October 31, 2007                **ROOSEVELT & BENOWICH, LLP**

By: _____
Leonard Benowich (LB-6129)

**Attorneys for Plaintiff**