Stuart I. Friedman (SF-9186)
Andrew A. Wittenstein (AW-1943)
Jonathan D. Daugherty (JD-3126)
FRIEDMAN & WITTENSTEIN
A Professional Corporation
600 Lexington Avenue
New York, New York 10022
(212) 750-8700
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
TENNENBAUM CAPITAL PARTNERS LLC,           :
                                            :
                        Plaintiff,          :     07 Civ. 9695 (LTS)(DCF)
                                            :
            -against-                       :     **ANSWER**
                                            :
MICHAEL T. KENNEDY,                         :
                                            :
                        Defendant.          :
------------------------------------------------------------- x

Defendant Michael T. Kennedy, by and through his attorneys, Friedman & Wittenstein, A Professional Corporation, states as follows for his Answer to the Complaint of Plaintiff Tennenbaum Capital Partners LLC, dated October 31, 2007, in the above-captioned action (the "Complaint"):

1.    Denies each and every allegation contained in paragraph 1 of the Complaint, except admits that Plaintiff purports to describe the nature of the above-captioned action.

2.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3.    Denies each and every allegation contained in paragraph 3 of the Complaint, except admits that Kennedy is a citizen of Pennsylvania.

1

4.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5.     Denies each and every allegation contained in paragraph 5 of the Complaint, except admits that Plaintiff avers that venue is proper pursuant to 28 U.S.C. § 1391, and refers to the Guaranty[1] for the contents thereof.

6.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7.     Admits, upon information and belief, the allegations contained in paragraph 7 of the Complaint.

8.     Denies each and every allegation contained in paragraph 8 of the Complaint, except admits that Plaintiff purports to characterize the terms of the Credit Agreement, and refers to the Credit Agreement for the contents thereof.

9.     Denies each and every allegation contained in paragraph 9 of the Complaint, except admits that Amendment No. 1 to the Credit Agreement providing for a loan in an amount not to exceed $23,500,000 was executed on or about April 4, 2006, and refers to Amendment No. 1 for the contents thereof.

10.    Denies each and every allegation contained in paragraph 10 of the Complaint, except admits that the Lenders made loans to Radnor pursuant to Amendment No. 1 to the Credit Agreement, and refers to Amendment No. 1 for the contents thereof.

11.    Denies each and every allegation contained in paragraph 11 of the Complaint, except admits that Plaintiff purports to characterize the terms of Amendment No. 1, and refers to Amendment No. 1 for the contents thereof.

---

[1] For purposes of this Answer only, any capitalized key term not defined herein should be given the definition provided by Plaintiff in the Complaint. No admission as to the veracity of any such definition is hereby intended or made.

2

12. Admits the allegations contained in paragraph 12 of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, except admits that Kennedy did execute the Guaranty, and refers to the Guaranty for the contents thereof.

14. Admits the allegations contained in paragraph 14 of the Complaint, but avers that the Lenders received and/or controlled sufficient assets and/or collateral of Radnor to satisfy the liabilities of, inter alia, the Tranche C Notes.

15. Denies each and every allegation contained in paragraph 15 of the Complaint, except admits that on or about August 17, 2006, Plaintiff sent a letter to Kennedy purporting to demand payment by Kennedy, and refers to that letter for the contents thereof.

16. Denies each and every allegation contained in paragraph 16 of the Complaint, except admits that Kennedy has not made any payments to Plaintiff.

17. Admits that Plaintiff purports to quote from the Guaranty, and refers to the Guaranty for the contents thereof.

18. Admits that Plaintiff purports to quote from the Guaranty, and refers to the Guaranty for the contents thereof.

19. Admits that Plaintiff purports to quote from the Guaranty, and refers to the Guaranty for the contents thereof.

20. Admits that Plaintiff purports to quote from the Guaranty, and refers to the Guaranty for the contents thereof.

21. Denies each and every allegation contained in paragraph 21 of the Complaint.

22.   Denies each and every allegation contained in paragraph 22 of the Complaint, except admits that Plaintiff purports to characterize section 1.9 of Amendment No. 1 to the Credit Agreement, and refers to Amendment No. 1 for the contents thereof.

23.   Denies each and every allegation contained in paragraph 23 of the Complaint, except admits that Plaintiff purports to characterize section 4(I) of the Credit Agreement, and refers to the Credit Agreement for the contents thereof.

24.   Denies each and every allegation contained in paragraph 24 of the Complaint, except admits that Plaintiff purports to have "accelerated the Tranche C Loans" and avers that it is entitled to interest, and denies that Plaintiff has any such entitlement.

## Count I

25.   Defendant repeats and realleges each response to paragraphs 1 through 24 above as if set forth in full here.

26.   Denies each and every allegation contained in paragraph 26 of the Complaint.

## FIRST DEFENSE

27.   Plaintiff fails to state a claim against Kennedy upon which relief can be granted.

## SECOND DEFENSE

28.   Upon information and belief, Plaintiff's claims are barred because the Lenders received and/or controlled sufficient assets and/or collateral of Radnor Holdings Corporation to satisfy the liabilities of, *inter alia*, the Tranche C Notes.

## THIRD DEFENSE

29.   Upon information and belief, Plaintiff's claims against Kennedy are barred, in whole or in part, because neither Plaintiff nor the Lenders have suffered any damages.

### FOURTH DEFENSE

30. Upon information and belief, Plaintiff's claims against Kennedy are barred, in whole or in part, because Plaintiff itself deliberately and/or inequitably caused the occurrence of the condition precedent that allegedly triggered liability under the Guaranty.

### FIFTH DEFENSE

31. Upon information and belief, Plaintiff's claims against Kennedy are barred as a result of Plaintiff's inequitable conduct.

### SIXTH DEFENSE

32. Upon information and belief, Plaintiff's claims against Kennedy are barred because Plaintiff has acted in bad faith.

### SEVENTH DEFENSE

33. Upon information and belief, Plaintiff's claims against Kennedy are barred, in whole or in part, by the doctrine of waiver.

### EIGHTH DEFENSE

34. Upon information and belief, Tennenbaum's claims against Kennedy are barred, in whole or in part, by the doctrine of estoppel.

### NINTH DEFENSE

35. Upon information and belief, Plaintiff's claims against Kennedy are barred, in whole or in part, because Plaintiff has failed to mitigate damages.

### TENTH DEFENSE

36. Upon information and belief, Plaintiff's claims against Kennedy are barred, in whole or in part, by the doctrine of unjust enrichment.

## ELEVENTH DEFENSE

37. Upon information and belief, Plaintiff's claims against Kennedy are barred, in whole or in part, because neither Plaintiff nor the Lenders hold the Tranche C Notes, and Plaintiff is therefore not entitled to enforce the Guaranty.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Kennedy respectfully requests entry of judgment in his favor as follows:

1. Dismissing the Complaint with prejudice;

2. Awarding Defendant his attorneys' fees and costs and disbursements of this action; and

3. Granting such other and further relief as the Court may deem proper.


Dated: New York, New York
       August 14, 2008

FRIEDMAN & WITTENSTEIN
A Professional Corporation

By: _____
    Stuart I. Friedman (SF-9186)
    Andrew A. Wittenstein (AW-1943)
    Jonathan D. Daugherty (JD-3126)

600 Lexington Avenue
New York, New York 10022
Telephone:  (212) 750-8700
Facsimile:  (212) 223-8391

*Attorneys for Defendant Michael T. Kennedy*