UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
TENNENBAUM CAPITAL PARTNERS LLC,   :
                                   :
                    Plaintiff,     :    07 Civ. 9695 (LTS)(DCF)
                                   :
            -against-              :    **PRELIMINARY**
                                   :    **PRE-TRIAL**
MICHAEL T. KENNEDY,                :    **STATEMENT**
                                   :
                    Defendant.     :
------------------------------------------------------------------ x

       The undersigned counsel for the parties hereto submit the following in response to this Court's Orders of November 13, 2007 and August 13, 2008 with respect to the filing of a Preliminary Pre-Trial Statement.

    a.    This is an action to recover $10 million, plus interest and attorneys' fees, resulting from Defendant's alleged breach of a written guaranty.

    b.    Plaintiff alleges that (i) this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, as there is complete diversity; (ii) Plaintiff is a limited liability company organized under Delaware law; (iii) Plaintiff has twelve members, each of whom or which is a citizen of California; and (iv) none of the members of Plaintiff is a citizen of the Commonwealth of Pennsylvania. Defendant denies knowledge or information with respect to any of the foregoing as uniquely within the knowledge of Plaintiff and will require discovery regarding these allegations as well as whether this Court possesses jurisdiction over the action. Defendant is a citizen of Pennsylvania.

    c.    In December 2005 a group of funds for which Plaintiff acted as agent (the "Lenders") loaned $95,000,000 to a company known as Radnor Holdings

Corporation ("Radnor") pursuant to a Credit Agreement dated as of December 1, 2005 (the "Credit Agreement"). The Lenders made additional loans in an amount not to exceed $23,500,000 to Radnor pursuant to Amendment No. 1 to the Credit Agreement, dated April 4, 2006 (the "Tranche C Loans"). At the time each of the foregoing loans was made, Defendant Kennedy was the Chief Executive Officer and majority shareholder of Radnor. Defendant signed a Guaranty and Negative Pledge Agreement dated as of April 4, 2006 (the "Guaranty") guaranteeing up to $10 million relating to the Tranche C Loans. Radnor defaulted in the repayment of the Tranche C Loans. On or about August 17, 2006, Plaintiff sent a letter to Kennedy demanding payment by Kennedy. Kennedy has not made any payments to Plaintiff or to anyone else in respect of the Guaranty. Plaintiff alleges that Plaintiff is still the Agent under the Guaranty. On or about August 21, 2006, Radnor filed for Chapter 11 bankruptcy protection in the United States Bankruptcy Court, District of Delaware. Defendant was not a party to the proceeding in the bankruptcy court cited, *infra*, by Plaintiff. Defendant maintains that he is not bound thereby or subject to any *res judicata* or collateral estoppel effect of that proceeding. Plaintiff alleges that Bankruptcy Judge Walsh held, in an adversary proceeding commenced by Radnor's Unsecured Creditors' Committee, that (i) the transactions between Radnor and Plaintiff "did not cause the bankruptcy cases", *In re Radnor Holdings Corp.*, 2006 WL 3346191, *10 (Bankr. D. Del. Nov. 17, 2006); (ii) "[Plaintiff] did *not* engage in misconduct; [Plaintiff] did *not* seek to benefit itself at the expense of others; [Plaintiff] did *not* seek to mislead trade creditors, public noteholders or other stakeholders. [Plaintiff] at all times acted in good faith with a view to maximize Radnor's value to all constituents" (*id.*, at *16 (emphasis in original); and (iii)

2

        Plaintiff had an allowed claim against Radnor in the aggregate amount of $128,835,557.26 under the Credit Agreement (*id.*, at 20), which includes the Tranche C indebtedness that is the subject of Defendant's Guaranty.

d.     The parties are not in dispute (i) as to the elements of a *prima facie* case for liability under a guaranty or (ii) that Plaintiff bears the burden of proving its measure of damages in the event that liability is established.

e.     Plaintiff believes the following legal issues must be decided by the Court: (i) is the Guaranty enforceable in accordance with its terms, (ii) is Plaintiff, as Agent for the Lenders, entitled to enforce Defendant's obligations under the Guaranty, which provides, *inter alia*, that "Guarantor hereby irrevocably guarantees to each Lender and the Agent, as a primary obligor and not merely as a surety the prompt payment in full, in Dollars, when due… of the principal of and interest on the Tranche C Loans…." (Guaranty, ¶1), and (iii) are the determinations made by the Bankruptcy Court in the Radnor case, entitled to collateral estoppel or *res judicata* effect in this case. Defendant believes the following legal issues must be decided by the Court: (i) whether this Court has jurisdiction; (ii) whether the Plaintiff is entitled to enforce the Guaranty against Defendant if the Lenders assigned, *inter alia*, the rights to the underlying debt and/or notes to third parties; (iii) whether the Plaintiff's and/or the Lenders' actions in the spring and summer of 2006 precluded the Plaintiff from properly invoking the Guaranty in August 2006; (iv) whether the Guaranty became properly due in August 2006; (v) if the Guaranty was enforceable, properly invoked, and due, whether Plaintiff suffered any legally cognizable damages by reason of Defendant's non-payment thereof.

f.     Plaintiff contends the material disputed facts are the following: None.

       Defendant contends the material disputed facts are the following: Plaintiff and the Lenders it represented do not hold possession of the Notes. The value of the assets received by the TR Acquisition Company, Inc. (the entity to which the Lenders assigned the Loans during the fall of 2006) as a result of the Radnor bankruptcy and asset sale was sufficient to satisfy the Tranche C debt. Plaintiff's conduct triggered the default of Radnor, and, thus, triggered the putative condition precedent to enforcement of the Guaranty.

g.    Plaintiff's Complaint asserts one claim: to recover $10 million, plus interest and attorney's fees, as a result of Defendant's breach of the Guaranty. Plaintiff further asserts as follows: This claim is for common-law breach of contract. The Guaranty states that it is governed by New York law. Under New York law, a *prima facie* case for breach of a guaranty is established by demonstrating (1) an absolute and unconditional guaranty; (2) the underlying debt; and (3) failure of the guarantor to perform under the guaranty. *See Primeco, Inc. v. Artemis, SA*, 1995 WL 766311 (Dec. 29, 1995) (Baer, DJ); *Industrial Bank of Japan Trust Co. v. Haseotes*, 1993 WL 322775 (S.D.N.Y. Aug. 19, 1993) (Kram, DJ); *Fundex Capital Corp. v. Rochelle*, 2006 WL 547794 (S.D.N.Y. March 7, 2006 (Report of Magistrate Judge Francis), *citing Buffalo and Erie Regional Development Corp. v. World Auto Parts, Inc.*, 306 A.D. 2d 857, 858, 761 N.Y.S.2d 893, 894 (4th Dep't 2003); *Kensington House Co. v. Oram*, 293 A.D.2d 304, 304-05, 739 N.Y.S.2d 572, 572-573 (1st Dep't 2002); *City of New York v. Clarose Cinema Corp.*, 256 A.D.2d 69, 71, 681 N.Y.S.2d 251, 253 (1st Dep't 1998).

h. Defendant asserts a number of defenses. First, Plaintiff has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Second, upon information and belief, neither Plaintiff nor the Funds that actually made the loans to Radnor hold the Tranche C Notes since they assigned the Notes to TR Acquisition Company in the fall of 2006. Therefore, Plaintiff lacks standing and/or is not entitled to enforce the Guaranty. N.Y. Gen. Oblig. Law § 13-107 (McKinney 2001); *Craig v. Parkis*, 40 N.Y. 181, 185 (1869); *In re 24-52 Forty-Fourth St*, 176 Misc. 249, 252-54, 26 N.Y.S.2d 265, 269-70 (Sup. Ct. 1941). Third, upon information and belief, the value of the assets received by the Lenders as a result of the Radnor bankruptcy and asset sale was sufficient to satisfy the Tranche C debt; therefore, neither the Plaintiff nor the Lenders have suffered any damages. *Brown Dog, Inc. v. The Quizno's Franchise Co.*, No. 04-C-18-X, 2005 WL 3555425, at *15-*16 (W.D. Wis. Dec. 27, 2005); *Heller Fin. Leasing, Inc. v. Gordon*, No. 03 C 6326, 2005 WL 2756113, at *3-*4 (N.D. Ill. Oct. 19, 2005); *City of New York v. Clarose Cinema Corp.*, 256 A.D.2d 69, 71, 681 N.Y.S.2d 251, 253 (1st Dep't 1998); *Commerce Bank of St. Louis, N.A. v. Wright*, 645 S.W.2d 17, 22 (Mo. Ct. App. 1982). Fourth, upon information and belief, Plaintiff's conduct triggered the default of Radnor, and, thus, triggered the putative condition precedent to enforcement of the Guaranty. *Canterbury Realty & Equip. Corp. v. Poughkeepsie Sav. Bank*, 135 A.D.2d 102, 107-108, 524 N.Y.S.2d 531, 535-36 (3d Dep't 1988). Fifth, upon information and belief, the Plaintiff's cause of action is barred by its own inequitable conduct. *Canterbury Realty & Equip. Corp. v. Poughkeepsie Sav. Bank*, 135 A.D.2d 102, 107-108, 524

N.Y.S.2d 531, 535-36 (3d Dep't 1988). Sixth, upon information and belief, the Plaintiff's cause of action is barred by its own bad faith. *Canterbury Realty & Equip. Corp. v. Poughkeepsie Sav. Bank*, 135 A.D.2d 102, 107-08, 524 N.Y.S.2d 531, 535-36 (3d Dep't 1988). Upon information and belief, the Plaintiff's cause of action is barred by the doctrines of waiver or estoppel. *Bono v. Cucinella*, 298 A.D.2d 483, 484, 748 N.Y.S.2d 610, 611-12 (2d Dep't 2002); *Dice v. Inwood Hills Condo.*, 237 A.D.2d 403, 404, 655 N.Y.S.2d 562, 562-63 (2d Dep't 1997). Upon information and belief, the Plaintiff's cause of action is barred by its failure to mitigate damages. *Cornell v. T. V. Dev. Corp.*, 17 N.Y.2d 69, 74, 215 N.E.2d 349, 352 (1966). Finally, because, upon information and belief, the Lenders' (or their assignees') receipt of assets as a result of the Radnor bankruptcy and asset sale was sufficient to satisfy the Tranche C Loans, any recovery by Plaintiff from Defendant pursuant to the Guaranty would effect an unjust enrichment of the Plaintiff. *Sharp v. Kosmalski*, 40 N.Y.2d 119, 123, 351 N.E.2d 721, 724 (1976).

i. Plaintiff asserts that the measure of proof is as stated in the Guaranty, and the burden of proof falls on Plaintiff to establish the *prima facie* case as described in paragraph (g), above. Defendant asserts that Plaintiff has the burden of proving not only liability under the Guaranty, as set forth in paragraph (g) above, but also that Plaintiff is the proper party to bring suit under the Guaranty, that Plaintiff suffered measurable damages as a result of the alleged breach of the Guaranty, and that Plaintiff acted in good faith and in an equitable manner in dealing with Radnor during the period leading up to Radnor's default on the Tranche C debt.

j. Defendant proposes October 3, 2008 as the deadline for amendments of pleadings. Plaintiff is unaware that any amendments are required.

k. The parties do not consent to transfer of the case to a magistrate judge for all purposes, including trial.

l. The parties do not require changes to the timing, form, or requirements for disclosures under Fed. R. Civ. P. 26(a). The parties anticipate making initial disclosures by October 15, 2008.

m. Plaintiff does not believe that it needs discovery with respect to the claim asserted in its Complaint, and intends promptly to file a motion for summary judgment. Defendant requires discovery with regard to each area for which he has set forth a defense in his Answer, as well as the jurisdictional allegations set forth in paragraph b above. Defendant proposes March 31, 2009 as the deadline for completion of discovery. Plaintiff believes that little, if any, discovery is required on Defendant's affirmative defenses, as many if not all of those issues have been determined by the Bankruptcy Court. Plaintiff believes that any discovery should be completed by December 31, 2008.

n. Plaintiff does not believe that any expert evidence will be required. Defendant believes that expert discovery will be required and intends to proffer expert testimony and evidence. Defendant proposes March 31, 2009 as the deadline for completion of all discovery (fact and expert). Plaintiff believes that any discovery should be completed by December 31, 2008.

o.    At this time, the parties do not believe any changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules of the Court, or other limitations should be imposed.

p.    The parties have engaged in settlement discussions, and Defendant was given additional time to answer for that purpose. No settlement discussions have occurred since Plaintiff demanded an answer from Defendant on August 7, 2008. Defendant desires to engage in a further effort to resolve and settle this case by direct discussions, mediation, or both.

q.    Plaintiff asserts that the Guaranty contains a waiver of jury trial (Guaranty, ¶13(D)), and that the case should be tried without a jury. Defendant does not request a jury trial at this time, but reserves all rights to request one in the future, consistent with the Federal Rules of Civil Procedure, for any cause of action or defense so triable. Plaintiff estimates that, if it does not obtain summary judgment, it will need one day to present its case. Defendant estimates that he will need one week to present his case.

r.    The parties are not aware at this time of any other orders that should be entered by the Court under Fed. R. Civ. P. 26(c) or Fed. R. Civ. P. 16(b) and (c).

Dated: New York, New York
September 8, 2008

| | |
|---|---|
| BENOWICH LAW, LLP<br><br>By: _/s/_____<br>Leonard Benowich (LB-6129)<br>1025 Westchester Avenue<br>White Plains, New York 10604<br>(914) 946-2400<br>*Attorneys for Plaintiff* | FRIEDMAN & WITTENSTEIN,<br>A Professional Corporation<br><br>By: _/s/_____<br>Stuart I. Friedman (SF-9186)<br>600 Lexington Avenue<br>New York, New York 10022<br>(212) 850-8700<br>*Attorneys for Defendant* |

9