# MANDATE

09-3881-cv
Tennenbaum Capital Partners L.L.C. v. Kennedy

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER
FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE
PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A
DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN
ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER
MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the
Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 20th day
of April, two thousand ten.

Present:
      PIERRE N. LEVAL,
      ROBERT A. KATZMANN,
      BARRINGTON D. PARKER,
      *Circuit Judges.*



---

TENNENBAUM CAPITAL PARTNERS L.L.C.,

    *Plaintiff-Appellee,*

        v.                        No. 09-3881-cv

MICHAEL T. KENNEDY,

    *Defendant-Appellant.*

---

For Plaintiff-Appellee:        LEONARD BENOWICH, Benowich Law LLP, White
                           Plains, NY

For Defendant-Appellant:    RICHARD S. LAST, Foreht Last Landau & Katz LLP,
                           New York, NY

Appeal from the United States District Court for the Southern District of New York (Swain, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court entered September 11, 2009, is **AFFIRMED**.

Defendant-Appellant Michael T. Kennedy appeals from a judgment of the United States District Court for the Southern District of New York (Swain, *J.*), entered September 11, 2009, granting the motion of Plaintiff-Appellee Tennenbaum Capital Partners L.L.C. ("Tennenbaum") for summary judgment and denying Kennedy's application under Federal Rule of Civil Procedure 56(f) for further discovery. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

Kennedy does not dispute that the $95 million that Tennenbaum "credit bid" under 11 U.S.C. § 363(k) to acquire substantially all of Radnor's assets represented Tennenbaum's valid claims for repayment of the Tranche A and B Loans. Nor has Kennedy controverted the evidence introduced below to show that neither Radnor, Kennedy, nor any other party has made any payment of the amounts due under the Tranche C Loan. Rather, Kennedy argues that this Court should exercise its equitable power and construe the purported excess value of the Radnor assets over the amount of the Tranche A and B Loans as having satisfied the Tranche C Loan as well, so that he is not liable under the guaranty agreement.

We find no occasion to do so. Despite efforts under the supervision of the bankruptcy court, conducted with full notice to Kennedy, to find buyers willing to pay more for Radnor's assets than Tennenbaum's bid of $95 million, no better offer was found. The bankruptcy court found the sale to be substantively and procedurally fair. There is no reason for this Court to

2

override the contractually specified understanding of the parties, the conclusions of the

bankruptcy court, and the market's valuation of Radnor's assets at the time of the sale by finding

that the credit bid somehow acquitted Radnor of the additional Tranche C debt.

Nor would further discovery have yielded any potentially relevant facts. As the district

court correctly noted, because Tennenbaum received the assets pursuant to the credit bid

procedure rather than as collateral in satisfaction of Radnor's debts, the amount of

Tennenbaum's secured claim that was satisfied is appropriately determined by reference to the

sale price. Evidence pertaining to the alleged post-sale value of Radnor's assets, therefore, is

immaterial as a matter of law. *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1139 (2d

Cir. 1994) (noting that a Rule 56(f) application is appropriately denied when the party seeking

further discovery has failed to show "how the facts sought were reasonably expected to create a

genuine issue of material fact relating to any issue raised in the litigation"). Summary judgment

in favor of Tennenbaum was therefore appropriate.

We have considered Kennedy's other arguments and find them to be without merit. For

the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit